J. HARVEY & SON, Appellees, v. VAN PATEN & MARKS, Appellants.

Contract to sell land: AGREEMENT AS TO PRICE: CONSTRUCTION. The owners of certain land agreed to sell it to the defendants. The contract provided that the defendants should within a reasonable time ascertain the value of the land, by personal inspection or otherwise, and, after the actual cash value was so obtained by them, to apply the same toward the payment of a note and mortgage held by them against the plaintiffs. It also provided that the plaintiffs should have the right to redeem the land within one year by repayment of the

price and interest, and that they should have the first right for one year to purchase the land upon paying the price that the defendants might be offered for it by others. *Held,* that the defendants had the right, under the agreement, to fix the value at which the land should be credited on the note and mortgage, and that, in the absence of fraud, such value was binding upon the plaintiffs.

*Appeal from Jefferson District Court.*—HON. H. C. TRAVERSE, Judge.

MONDAY, JANUARY 23, 1893.

ACTION to enjoin the defendants from foreclosing a chattel mortgage executed by the plaintiffs to them October 31, 1888, on their stock of merchandise in Pleasant Plain, Iowa, to secure the payment of one thousand, seven hundred and sixty-five dollars and twelve cents, due to the defendants, and five hundred and forty-one dollars and ninety-two cents, due to Beiderbecke & Miller, and to cancel said mortgage, and for damages. As grounds for such relief, the plaintiffs alleged that the mortgage was delivered in escrow, with the undertanding that it was to remain undelivered, and not to be recorded or enforced, until the plaintiffs were notified, and given an opportunity to pay it, and until they should consent to the delivery and recording; that, without legal delivery, and without the plaintiffs' consent, the defendants recorded the same, and seized the property thereunder, to the plaintiffs' damage, five thousand dollars; that on November 7, 1888, the plaintiffs had paid said. indebtedness; that they had demanded that the mortgage be canceled, and the property returned, but that the defendants continued to hold the property, and to appropriate the proceeds thereof, under authority of said mortgage, and are about to foreclose the same.

The defendants answered, admitting the execution of the mortgage, and that they were foreclosing the same in the usual way. They denied that it was in

escrow; that it was not legally delivered to them; that it was not to be recorded, as alleged; that said debt was paid, and that the plaintiff was damaged. They alleged that after the execution and delivery of said mortgage, to wit, on November 7, 1888, a written agreement, which is set out at length in the answer, was entered into; that by entering into said agreement the plaintiffs confirmed and recognized said mortgage, and are therefore estopped from claiming that it was obtained by fraud, or that it is otherwise invalid; that, in compliance with said agreement, they credited plaintiffs on their said indebtedness with one thousand and twelve dollars and ninety-nine cents, the actual cash value, of the land, less expenses; leaving seven hundred and fifty-two dollars and fifteen cents due to them from the plaintiffs, for which they ask judgment and foreclosure of said mortgage.

The plaintiffs, in reply, admitted the execution of the written agreement set out, but denied that the land was only of the value stated. They alleged that its fair cash value was five dollars per acre; that the consideration fixed by the defendants was not fairly or honestly determined, is grossly inadequate, and a fraud upon the plaintiffs' rights. They ask that the defendants be decreed to take the land at five dollars per acre, and that they have judgment for the excess over their said indebtedness.

Decree was entered against the plaintiffs on their claim for damages, and in their favor, and against the defendants Van Paten & Marks, for two hundred and thirty-nine dollars and eighty-seven cents, as the excess of the value of the land over the indebtedness of the plaintiffs to the defendants. From this decree the defendants Van Paten & Marks appeal.

As no appeal has been taken from the decree against the plaintiffs on their claim for damages, nor from the decree against them in favor of Beiderbecke

& Miller, whose names appear in the mortgage, those issues need not be stated or further noticed.—*Reversed.*

*Leggett & McKemey*, for appellants.

*Wilson & Hinkle, Brighton & Jacques*, and *M. A. McCoid*, for appellees.

GIVEN, J.—The first question discussed is as to the proper construction to be given to the written agreement set out in the answer and admitted in the reply. That agreement is between Eva Harvey, Jarvis Harvey, Cora B. Ellyson, and J. T. Ellyson, parties of the first part, and Van Paten & Marks of the second part. It shows that the parties of the first part had that day—November 7, 1888—delivered to the second party their warranty deed for six hundred and forty acres of land, described, in Stark county, Dakota. Said agreement contains the following:

"Said second parties agree within a reasonable time to ascertain the value of said land, by personal inspection or otherwise, and, after the actual cash value has been so obtained by them, to apply the value of said land towards the payment of the note and mortgage of J. Harvey & Son, held by the parties of the second part, for the sum of twenty-three hundred and seven and six one-hundredth dollars, dated November 2, 1888, and secured by chattel mortgage on the stock of goods of J. Harvey & Son, in Pleasant Plain, Jefferson county, Iowa. And it is further agreed by the parties of the second part that, in the event the purchase price of said land should be for the amount of said claim or less, they give to the said J. T. Ellyson the option within one year to redeem said land upon the payment of the purchase price of said land and expenses, with eight per cent. interest from date, then the said second parties agree to deed to said J. T. Ellyson the six hundred and forty acres of land

described herein. And the said second parties further agree to give to the said. J. T. Ellyson the option to purchase said land at the price the said second parties may be offered for said land within one year from date hereof for the time of forty-eight hours from the time of notice to said Ellyson of said offer.''

The contention is whether the value of the land was to be as ascertained by the appellants, or the actual cash value, as might be otherwise ascertained. The language of the writing is plain and explicit. The appellants were to ''ascertain the value of said land, by personal inspection or otherwise, and, after the actual cash value has been so obtained by them, to apply the value of said land towards the payment of the note and mortgage.'' It is the cash value so ascertained that is to be credited. It is certainly unusual for a vendor to permit a vendee to fix the value of the article sold, and, were it not for the right given to J. T. Ellyson to redeem from the sale to the appellants, we might hesitate to say that such was the intention of the parties. This right to redeem from the sale by payment of the price that the appellants might ascertain, with expenses and interest added, afforded ample opportunity against any undue estimate of the value of the land. If the appellants underestimated its value, the right was reserved to redeem it at that value. The option to purchase the land at the price that might be offered to the appellants was also reserved. With these rights reserved, it was entirely reasonable to permit the appellants to fix the value, and we think such was clearly the intention of the parties.

There is no evidence that the appellants acted fraudulently in fixing the value they did. They acted largely upon information received from a person whom they sent to inspect the land and ascertain its value. There is a marked difference in the opinions of the witnesses as to the value of the land, and, so far as appears,

we think the appellants fixed the value at what they honestly believed it to be worth. The appellees contend that that value is so grossly inadequate as to be a fraud upon their rights. A number of witnesses were called to testify to the value of the land. Their opinions vary from two dollars to nine dollars per acre. A number of these witnesses showed that they had such limited information upon the subject as to entitle their opinions to but little weight. The appellants having, as we think, the right, under the agreement, to fix the value at which the land should be credited, and the parties, in the absence of fraud, being concluded by that value, we need not inquire what the actual cash value of the land was. We make this mention of that subject for the purpose of saying that the evidence does not disclose such gross inadequacy of consideration as to justify an inference of fraud.

Our conclusion is that the judgment in favor of the appellees and against the appellants should be reversed, and that judgment and decree of foreclosure should be entered in favor of the appellants upon their counterclaim for the balance due them after crediting the appellees with the value of the land as ascertained by the appellants, less the expenses of ascertaining the same, and the payment of back taxes. REVERSED.